IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GEORGE ASA SHORT III and LILLIAN ONORA MITCHELL, | § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | NO. 2:16-cv-45 |
| NIKOLAY TOKAREV and BRIGHT LOGISTICS, INC., | § § § § | |
| Defendants. | § | |

## INDEX OF DOCUMENTS
## ATTACHED TO DEFENDANTS' NOTICE OF REMOVAL

| | DOCUMENT | DATE OF DOCUMENT | FILED WITH STATE COURT | PAGE NO. |
|---|---|---|---|---|
| 1. | Docket Sheet | 02/12/2016 | N/A | 1 |
| 2. | Filing Index of Gray County, Texas | 02/12/2016 | 02/12/2016 | 2 |
| 3. | Civil Case Information Sheet | 02/12/2016 | 02/12/2016 | 3 |
| 4. | Plaintiffs' Original Petition and Written Discovery Requests | 02/12/2016 | 02/12/2016 | 4-9 |
| 5. | Service by Agreement Between Plaintiffs and Defendants | 03/07/2016 | - | - |
| 6. | Defendants' Original Answer | 03/08/2016 | 03/08/2016 | 10-14 |

```
              GRAY COUNTY DISTRICT CIVIL DOCKET - PAGE 1
                 CAUSE # 38375  -  223RD DISTRICT COURT
===============================================================================
   SHORT III,GEORGE ASA                ATTORNEY: LOWE, LESLIE
                                       PO BOX 1439
                                       AMARILLO, TX 79105
                                       (806)372-9663
   MITCHELL,LILLIAN ONORA              ATTORNEY: BOYD, D. DEAN
                                       2505 LAKEVIEW DRIVE, SUITE 100
                                       AMARILLO, TEXAS 79109
                                       (806)242-3333

                              -- VS.--

   TOKAREV,NIKOLAY                     ATTORNEY:
   BRIGHT,LOGISTICS, INC.              ATTORNEY:

CAUSE OF ACTION: INJURY OR DAMAGE MOTOR VEHICLE
FILE DATE: 02/12/2016
===============================================================================
DATE                          NATURE OF PROCEEDINGS
===============================================================================
```

*Jury Request - Fee Pd* [handwritten, highlighted]

**001**

```
              GRAY COUNTY DISTRICT CIVIL DOCKET   - PAGE 1
                 CAUSE # 38375   -   223RD DISTRICT COURT
===============================================================================
     SHORT III,GEORGE ASA              ATTORNEY: LOWE, LESLIE
                                       PO BOX 1439
                                       AMARILLO, TX 79105
                                       (806)372-9663
     MITCHELL,LILLIAN ONORA            ATTORNEY: BOYD, D. DEAN
                                       2505 LAKEVIEW DRIVE, SUITE 100
                                       AMARILLO, TEXAS 79109
                                       (806)242-3333

                              -- VS.--

     TOKAREV,NIKOLAY                   ATTORNEY:
     BRIGHT,LOGISTICS, INC.            ATTORNEY:

CAUSE OF ACTION: INJURY OR DAMAGE MOTOR VEHICLE
FILE DATE: 02/12/2016

===============================================================================
DATE                        NATURE OF PROCEEDINGS
            REMARKS
===============================================================================
02/12/2016           ORIGINAL PETITION CIVIL
            PLAINTIFFS' ORIGINAL PETITION AND WRITTEN DISCOVERY REQUESTS AND

02/12/2016           DOCKET SHEET
02/12/2016           ISSUE/CITATION
            RET/ATTY/CIT-NIKOLAY TOKAREV

02/12/2016           ISSUE/CITATION
            RET/ATTY/CI-BRIGHT LOGISTICS

02/12/2016           JURY FEE
            JURY REQ.

02/12/2016           COVER SHEET CIVIL
02/12/2016           LETTER
            JILL WATTS

02/12/2016           RECEIPT ISSUED
            246986

02/12/2016           LETTER
            EMAIL TO LESLIE LOWE

03/08/2016           ANSWER
            DEFENDANTS' ORIGINAL ANSWER
```

# CIVIL CASE INFORMATION SHEET

Filed 2/12/2016 1:49:06 PM
District Clerk
Gray County, Texas
Reviewed By: O'Leen Bennett

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____ COURT *(FOR CLERK USE ONLY)*: _____

STYLED George Asa Short III and Lillian Onora Mitchell, Plaintiffs v Nikolay Tokarev and Bright Logistics, Inc., Defendants
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name: Leslie Lowe, Esq. | Email: llowe@woodlawfirm-tx.com | Plaintiff(s)/Petitioner(s): George Asa Short III; Lillian Onora Mitchell | ☒ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| Address: PO Box 1439 | Telephone: 806/372-9663 | Defendant(s)/Respondent(s): Nikolay Tokarev; Bright Logistics, Inc. | Additional Parties in Child Support Case:<br>Custodial Parent:<br>Non-Custodial Parent:<br>Presumed Father: |
| City/State/Zip: Amarillo, TX 79105-1439 | Fax: 806/372-9664 | | |
| Signature: /s/ Leslie Lowe | State Bar No: 24073561 | [Attach additional page as necessary to list all parties] | |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

### Civil

**Contract**
*Debt/Contract*
- ☐ Consumer/DTPA
- ☐ Debt/Contract
- ☐ Fraud/Misrepresentation
- ☐ Other Debt/Contract: _____

*Foreclosure*
- ☐ Home Equity—Expedited
- ☐ Other Foreclosure
- ☐ Franchise
- ☐ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract: _____

**Injury or Damage**
- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation

*Malpractice*
- ☐ Accounting
- ☐ Legal
- ☐ Medical
- ☐ Other Professional Liability: _____

- ☒ Motor Vehicle Accident
- ☐ Premises

*Product Liability*
- ☐ Asbestos/Silica
- ☐ Other Product Liability List Product: _____

- ☐ Other Injury or Damage: _____

**Real Property**
- ☐ Eminent Domain/Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property: _____

**Related to Criminal Matters**
- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus— Pre-indictment
- ☐ Other: _____

**Employment**
- ☐ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment: _____

**Other Civil**
- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property
- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other: _____

### Family Law

**Marriage Relationship**
- ☐ Annulment
- ☐ Declare Marriage Void

*Divorce*
- ☐ With Children
- ☐ No Children

**Other Family Law**
- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other: _____

**Post-judgment Actions (non-Title IV-D)**
- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

**Title IV-D**
- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

**Parent-Child Relationship**
- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Parentage/Paternity
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child: _____

### Tax
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
- ☐ Dependent Administration
- ☐ Independent Administration
- ☐ Other Estate Proceedings

- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other: _____

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:
- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

## 4. Indicate damages sought *(do not select if it is a family law case)*:
- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐ Less than $100,000 and non-monetary relief
- ☐ Over $100,000 but not more than $200,000
- ☐ Over $200,000 but not more than $1,000,000
- ☒ Over $1,000,000

**003**

Rev 2/13

Filed 2/12/2016 1:49:06 PM
District Clerk
Gray County, Texas
Reviewed By: O'Leen Bennett

CAUSE NO. 38,375

| | | |
|---|---|---|
| GEORGE ASA SHORT III and<br>LILLIAN ONORA MITCHELL, | § § § | IN THE 223RD DISTRICT COURT |
| Plaintiffs, | § § | |
| v. | § § | IN AND FOR |
| NIKOLAY TOKAREV and<br>BRIGHT LOGISTICS, INC., | § § § § | |
| Defendants. | § | GRAY COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND WRITTEN DISCOVERY REQUESTS

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs George Asa Short III ("Plaintiff Short") and Lillian Onora Mitchell ("Plaintiff Mitchell") ("collectively Plaintiffs") complain of Defendants Nikolay Tokarev ("Defendant Tokarev") and Bright Logistics, Inc., ("Defendant Bright"), (collectively "Defendants"), and for cause of action respectfully show as follows:

### I.   DISCOVERY CONTROL PLAN

1. Plaintiffs intend to conduct discovery under a Level 3 discovery control plan. Tex. R. Civ. P. 190.4.

### II.   TEXAS RULE OF CIVIL PROCEDURE 47

2. Plaintiffs seek damages that are within the jurisdictional limits of the Court. Tex. R. Civ. P. 47(b).

3. Plaintiffs seek monetary relief over $1,000,000. Tex. R. Civ. P. 47(c)(5).

### III. WRITTEN DISCOVERY REQUESTS

4. Plaintiffs request that each defendant disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2, sections (a) through (l). Tex. R. Civ. P. 194.2.

### IV. PARTIES

5. Plaintiff Short is an individual residing in Guilford County, North Carolina. The last three digits of Plaintiff Short's Social Security number are 686, and the last three digits of his driver's license number are 092.

6. Plaintiff Mitchell is an individual residing in Guilford County, North Carolina. The last three digits of Plaintiff Mitchell's Social Security number are 686, and the last three digits of her identification card are 611.

7. Defendant Tokarev is an individual residing in Philadelphia County, Pennsylvania. Defendant Tokarev may be served with process at his regular place of abode, 1616 Benson Street, Philadelphia, Pennsylvania 19152, or wherever he may be found. The last three digits of Defendant's Social Security number are unknown to Plaintiffs at this time. The last three digits of his driver's license number are 911.

8. Defendant Bright is a foreign corporation organized and existing under the laws of Pennsylvania, whose principal office is located at 1435 Churchville Road, Southampton, Pennsylvania 18966. Service of process may be made according to the laws of the State of Pennsylvania by serving Igor Dubinin at 1435 Churchville Road, Southampton, Pennsylvania, 18966-4765.

## V.    VENUE

9. Venue is proper in Gray County because it is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred. Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1).

## VI.    FACTUAL ALLEGATIONS

10. On or about July 31, 2015, at approximately 11:30 a.m., Plaintiffs were traveling east on Interstate Highway 40 near mile marker 136 in Gray County, Texas. Defendant Tokarev was driving a 2016 white Freightliner tractor pulling a silver trailer, also traveling east on Interstate Highway 40 near mile marker 136 in Gray County, Texas. Defendant Tokarev struck the back of Plaintiffs' vehicle causing it to skid on the wet roadway in front of Defendant Bright's tractor-trailer. Defendant Tokarev struck Plaintiffs' vehicle again, this time on the left-front quarter. Defendant Tokarev then drove into the center median, striking the cable barrier.

11. Nothing Plaintiffs did, nor failed to do, caused the collision. Rather, Defendants' negligence directly and proximately caused the collision and Plaintiffs' resulting injuries and damages.

## VII.    RESPONDEAT SUPERIOR

12. Defendant Bright is legally responsible to Plaintiffs for the negligent conduct of Defendant Tokarev under the legal doctrines of respondeat superior, agency, and/or ostensible agency because Defendant Tokarev was at all relevant times an agent, ostensible agent, servant, and/or employee of Defendant Bright, and was acting within the course and scope of such agency or employment. As a result thereof, Defendant Bright is liable for all negligence of Defendant Tokarev.

### VIII.   NEGLIGENCE OF DEFENDANT BRIGHT

13.    Defendant Bright was also negligent in hiring an incompetent or unfit employee and/or in failing to properly train, instruct, and supervise Defendant Tokarev. Defendant Bright failed to provide the proper training and instruction to Defendant Tokarev, which would have provided him with the proper skills and knowledge to avoid the collision. Defendant Bright's negligent hiring of and failure to properly instruct and train its driver was a proximate cause of the collision and Plaintiffs' resulting injuries and damages.

### IX.   NEGLIGENCE OF DEFENDANT TOKAREV

14.    At all relevant times, Defendant Tokarev was negligent in failing act as a reasonably prudent driver would have done under the same of similar circumstances. More specifically, Defendant Tokarev's following acts and omissions, either singularly or in combination, were a direct, proximate, and producing cause of the collision and Plaintiffs' injuries and damages:

   a) operating his tractor and trailer in an improper manner;

   b) failing to maintain proper control of his tractor and trailer;

   c) failing to keep a proper lookout for other vehicles and in particular Plaintiffs' vehicle;

   d) failing to drive in a reasonably attentive manner;

   e) failing to stop prior to hitting Plaintiffs' vehicle;

   f) failing to control the speed of his tractor and trailer;

   g) operating his vehicle at a greater rate of speed than was reasonably prudent;

   h) failing to timely and properly apply the brakes;

   i) failing to take evasive action to avoid colliding with Plaintiffs' vehicle; and

   j) such other acts or omissions as may be discovered and/or proven at trial.

## X.     DAMAGES

15.    As a direct and proximate cause of Defendants' above-described acts and/or omissions, Plaintiffs have suffered severe and permanent physical injuries to their bodies in general. Plaintiffs seek recovery for damages including, but not limited to, the following:

a) Physical pain and mental anguish sustained in the past;

b) Physical pain and mental anguish that, in reasonable probability, Plaintiffs will sustain in the future;

c) Loss of earning capacity sustained in the past;

d) Loss of earning capacity that, in reasonable probability, Plaintiffs will sustain in the future;

e) Disfigurement sustained in the past;

f) Disfigurement that, in reasonable probability, Plaintiffs will sustain in the future;

g) Physical impairment sustained in the past;

h) Physical impairment that, in reasonable probability, Plaintiffs will sustain in the future;

i) Medical care expenses incurred in the past; and

j) Medical care expenses that, in reasonable probability, Plaintiffs will incur in the future;

k) Market-value damages;

l) Repair damages; and

m) Loss-of-use damages.

## XI.     CONDITIONS PRECEDENT

16.    All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred.

## XII.     JURY DEMAND

17.    Plaintiffs respectfully request a trial by jury and have tendered the appropriate fee.

## XIII.  PRAYER

Plaintiffs pray that the Court issue citation for Defendants to appear and answer and award Plaintiffs judgment against Defendants for all of their damages as set forth above, prejudgment and post-judgment interest at the highest lawful rate, and costs of court. Plaintiffs pray for general relief.

Respectfully submitted,

WOOD LAW FIRM, LLP
Physical: 1222 S. Fillmore Street (79101)
Mailing: P.O. Box 1439
Amarillo, Texas 79105-1439
Telephone: (806) 372.WOOD (9663)
Facsimile: (806) 372.9664

By: /s/ *Leslie Lowe*
Channy F. Wood
SBN 00791954
Email: cwood@woodlawfirm-tx.com
Leslie Lowe
SBN 24073561
Email: llowe@woodlawfirm-tx.com

**ATTORNEYS FOR PLAINTIFF SHORT**

AND

ATTORNEY DEAN BOYD, PLLC
2505 Lakeview Drive, Suite 100
Amarillo, Texas 79109
Telephone: 806.242.3333
Facsimile: 806.322.3167

By: /s/ Dean Boyd
Dean Boyd
SBN 02766300
Email: dean@deanboyd.com

**ATTORNEYS FOR PLAINTIFF MITCHELL**

IN THE 223RD JUDICIAL DISTRICT COURT
IN AND FOR GRAY COUNTY, TEXAS

| | | |
|---|---|---|
| GEORGE ASA SHORT III and <br> LILLIAN ONORA MITCHELL <br><br> Plaintiffs, <br><br> VS. <br><br> NIKOLAY TOKAREV and <br> BRIGHT LOGISTICS, INC., <br><br> Defendants. | § § § § § § § § § § § § | NO. 38,375 |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Come now NIKOLAY TOKAREV and BRIGHT LOGISTICS, INC., Defendants in the above-entitled and numbered cause ("Defendants"), and file their Original Answer to Plaintiffs' Original Petition and Written Discovery Requests of Plaintiffs GEORGE ASA SHORT III and LILLIAN ONORA MITCHELL ("Plaintiffs") as follows:

### I.
### DISCOVERY

Defendants allege that discovery in this case should be conducted at Level 3 under a discovery control plan tailored to the circumstances of this lawsuit pursuant to TEX. R. CIV. P. 190.4.

### II.
### GENERAL DENIAL

Defendants place in issue all matters contained in Plaintiffs' Original Petition by general denial pursuant to TEX. R. CIV. P. 92.

## III.
## AFFIRMATIVE DEFENSES

A.  By the exercise of reasonable care and diligence, Plaintiffs could have avoided all or some of the loss and damages of which Plaintiffs now complain. Consequently, Plaintiffs cannot recover damages for any sums that would have been prevented or lessened by the exercise of reasonable care. Accordingly, Plaintiffs' recovery is barred or, in the alternative, should be reduced in accordance with the provisions of Chapter 33 of the Texas Civil Practice and Remedies Code.

B.  Plaintiffs' injuries, if any, were proximately caused or solely caused by instrumentalities, conditions, acts, omissions or events unrelated to the conduct of Defendants and not subject to the control of Defendants.

C.  Plaintiffs' injuries were the result of a new and independent cause that destroyed any causal connection between any act or omission of Defendants and the injuries to Plaintiffs.

D.  Plaintiffs' injuries and damages, if any, in whole or in part, were caused by or due to events, conditions, or incidents, physical, medical and/or mental, which preexisted the incident made the basis of this suit.

E.  The events in question were caused solely by an act of God.

F.  The events in question were the result of an unavoidable accident.

G.  Plaintiffs' recovery of medical or healthcare expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiffs under TEX. CIV. PRAC. & REM. CODE ANN. § 41.0105.

H.  Defendants invoke TEX. CIV. PRAC. & REM. CODE ANN. § 18.091 regarding proof of losses for the recovery of pecuniary losses. Any economic damages that Plaintiffs seek are

limited to a loss presented in the form of a net loss after reduction for income tax payment or unpaid tax liability pursuant to any income tax law.

I.      Plaintiffs had a duty to mitigate any damages that may have resulted from the incident the subject of this suit.  Plaintiffs' damages, if any, should be reduced by any failure to mitigate damages on the part of Plaintiffs as may be shown by the evidence.

J.      Plaintiffs' recovery of pre-judgment interest is limited as provided by TEX. FIN. CODE ANN. § 304.1045.

K.      Defendants reserve the right to assert additional defenses as Plaintiffs' claims are more fully disclosed during the course of this litigation.

## IV.
## JURY DEMAND

Defendants respectfully demand a trial before a jury.

WHEREFORE, PREMISES CONSIDERED, Defendants NIKOLAY TOKAREV and BRIGHT LOGISTICS, INC. pray for the following relief:

1.  That Plaintiffs take nothing by their Original Petition in this action;

2.  That Defendants be discharged from any and all liability and be awarded their costs of court; and

3.  For any and all other relief as this Court shall deem just and proper.

Respectfully submitted,

RINEY & MAYFIELD LLP
  Mitzi S. Mayfield – TBN 13284425
  mmayfield@rineymayfield.com
  Isaac J. Dickson – TBN 24097600
  idickson@rineymayfield.com
320 South Polk Street, Suite 600
Maxor Building
Amarillo, Texas 79101
(806) 468-3200; Fax (806) 376-4509


                    */s/ Mitzi S. Mayfield*
By_____
          Mitzi S. Mayfield

*ATTORNEYS FOR DEFENDANTS*

**CERTIFICATE OF SERVICE**

  This is to certify true and correct copies of ***Defendants' Original Answer*** was this 8th day of March, 2016, served electronically on all known counsel of record, identified below, pursuant to TEX. R. CIV. P. 21a(a)(1), or if the email address of the party or attorney is not on file with the electronic filing manager, then service shall be accomplished pursuant to TEX. R. CIV. P. 21a(a)(2):

  Mr. Channy Wood      ***VIA EMAIL***
    cwood@woodlawfirm-tx.com
  Ms. Leslie Lowe
    llowe@woodlawfirm-tx.com
  WOOD LAW FIRM, LLP
  P. O. Box 1439
  Amarillo, Texas 79105-1439
    *ATTORNEYS FOR PLAINTIFF*
    *GEORGE ASA SHORT III*

  Mr. Dean Boyd      ***VIA EMAIL***
    dean@deanboyd.com
  ATTORNEY DEAN BOYD PLLC
  2505 Lakeview Drive, Suite 100
  Amarillo, Texas 79109
    *ATTORNEYS FOR PLAINTIFF*
    *LILLIAN ONORA MITCHELL*

              */s/ Mitzi S. Mayfield*
              _____
              Mitzi S. Mayfield